IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02145-GPG

ANTHONY LOLIN JIMENEZ, SR.,

Applicant,

v.

THE HONORABLE EDWARD SAMUEL COLT (16304),

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Anthony Lolin Jimenez, Sr., is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jimenez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), a Federal Motion for Certification of a Question of State Law Pursuant to F.R.A.P. 27.1(B) (ECF No. 1-2), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2). The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be denied as moot because Mr. Jimenez has paid the $5.00 filing fee for this habeas corpus action.

The Court must construe the application and other papers filed by Mr. Jimenez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the action will be dismissed.

Mr. Jimenez describes the nature of this action as follows:

> This case possesses one issue: Please see attached motion for consideration. The issue before the Court is for a Judicial Interpretation of a State Constitutional Provision[]. It is not for relief in a Criminal Case that would otherwise be adjudicated pursuant to 28 U.S.C. § 2254. This Cause is however predicated from a Civil Action (2015CV31278-0001) that possessed issues predicated from a Criminal Case (00602000CR000178). The respondent has created a liberty deprivation of both U.S. Const. Art. XIV & Colo. Const. Art. II § 3. Without due process of law. This submittal is not a request for relief in a Criminal Case[,] it is strictly for a Certification or interpretation of State Constitutional Law.

(ECF No. 1 at 2.) Mr. Jimenez specifically asks the Court in the attached Federal Motion for Certification of a Question of State Law Pursuant to F.R.A.P. 27.1(B) to certify the following questions to the Colorado Supreme Court:

1. Does a District Court Judge who fails to file his Oath of Office (and Bond) with the secretary of state's office as prescribed by Colorado Constitution Article XII §9, weigh to the qualification of said judge, if so, does he create a lawful vacancy as defined in Colorado Constitution Article XII §10?

2. Can an unqualified judicial officer that is unconstitutionally filling his office, perform the duties required by his/her office, and are the orders entered by said officer lawfully binding?

3. If a person was appointed/elected to a judicial term of office but fails to qualify for the appointed/elected term, but assumes the duties of office; are said official acts and orders void for want of authority and/or jurisdiction?

(ECF No. 1-2 at 2-3.)

Mr. Jimenez's request to certify questions to the Colorado Supreme Court must be denied. It appears that Mr. Jimenez believes the Court may certify questions to the Colorado Supreme court pursuant to Rule 27.1 of the Tenth Circuit Rules. Although that

rule is not applicable to a federal district court, the Court recognizes that "[c]ertification is a useful procedure which the Supreme Court has used or commended several times." *Copier by and through Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998). Furthermore, Colorado law allows a federal district court to certify a question of state law to the Colorado Supreme Court "if there is involved in any proceeding before [the federal court] questions of law of this state which may be determinative of the cause then pending in the certifying court." C.A.R. 21.1(a). However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Certification is appropriate when the state law question before the court "(1) may be determinative of the case at hand and (2) is sufficiently novel that [the Court] feel[s] uncomfortable attempting to decide it without further guidance." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

As the cited authority makes clear, the Court may certify a question to the Colorado Supreme Court only when the question to be certified arises in a pending action. Stated another way, the Court may not certify an abstract question of law that is not being presented to the Court for decision and that has no bearing on any matter pending before the Court.

Mr. Jimenez does not assert any claims for relief in the habeas corpus application and he insists that he seeks only to have the Court certify questions of state law to the Colorado Supreme Court. Because the Court may not certify the state law questions to the Colorado Supreme Court in the absence of a pending action in which those questions

are relevant, the application will be denied and the action will be dismissed. The Court also finds that it would be futile to give Mr. Jimenez an opportunity to file an amended habeas corpus pleading because the Court recently dismissed on the merits an application for writ of habeas corpus in which Mr. Jimenez challenged the validity of his Colorado state court conviction and sentence, *see Jimenez v. Colo. Dep't of Corrections*, No. 15-cv-01006-LTB (D. Colo. July 8, 2015), and there is no indication that he has sought or obtained authorization to file a second or successive application.

The Court does certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2) is denied as moot. It is

FURTHER ORDERED the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 2nd day of October, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court