IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02145-LTB

ANTHONY LOLIN JIMENEZ, SR.,

    Applicant,

v.

THE HONORABLE EDWARD SAMUEL COLT (16304),

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Applicant, Anthony Lolin Jimenez, Sr., has filed *pro se* a "Motion for Reconsideration to File an Amended or Supplemental Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241" (ECF No. 7) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on October 2, 2015. The Court must construe the motion for reconsideration liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion for reconsideration will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion for reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Jimenez is a prisoner in the custody of the Colorado Department of Corrections.  He initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 but he did not assert any claims for relief.  Instead, he asked the Court to certify three state law questions to the Colorado Supreme Court that he contends are relevant to his state court criminal conviction and sentence.  The Court dismissed the action without prejudice, reasoning that the Court may not certify state law questions to the Colorado Supreme Court in the absence of a pending action in which those questions are actually raised.  The Court also determined it would be futile to allow Mr. Jimenez to file an amended application because the Court recently dismissed on the merits an application for a writ of habeas corpus in which Mr. Jimenez challenged the validity of his state court conviction and sentence, *see Jimenez v. Colo. Dep't of*

*Corrections*, No. 15-cv-01006-LTB (D. Colo. July 8, 2015), and there is no indication that he has sought or obtained authorization to file a second or successive application.

Mr. Jimenez contends in the motion for reconsideration that he should be allowed to file an amended pleading in this action for two reasons. He first argues that it would not be futile to file an amended pleading because the prior habeas corpus action was not dismissed on the merits. This argument lacks merit because, as Mr. Jimenez concedes, the Court determined the prior habeas corpus case was untimely, which operates as a decision on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that "[t]he dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Mr. Jimenez also argues that it would not be futile to allow him to file an amended application because the claims he seeks to present implicate only the factual basis for the trial court's authority and subject matter jurisdiction in his state court criminal case and are not a challenge to that conviction or sentence. The Court is not persuaded that whatever claims Mr. Jimenez seeks to raise challenging the trial court's authority and subject matter jurisdiction in his criminal case do not implicate the validity of his conviction and sentence.

Upon consideration of the motion for reconsideration and the entire file, the Court finds that Mr. Jimenez fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Accordingly, it is

ORDERED that the "Motion for Reconsideration to File an Amended or Supplemental Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241" (ECF No. 7) is

DENIED.

DATED at Denver, Colorado, this __16th__ day of __October__, 2015.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court